UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS RAMOS, SR., | ) | Case No.: 1:22 CV 395 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LORAIN COUNTY CHILDREN SERVICES, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Marcus Ramos, Sr. filed this action under 42 U.S.C. § 1983 against Lorain County Children Services. In the Complaint, Plaintiff alleges his children were removed from his home in 2017 after he was charged with committing domestic violence against his children's mother. He seeks monetary damages. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2). For the reasons stated below, the Motion is denied, this action is dismissed, and Plaintiff is permanently enjoined from filing new actions without obtaining prior leave of court.

This is the fifth case Plaintiff filed against the Lorain County Children Services Agency pertaining to this incident. *See Ramos v. Lorain County Children Services*, No. 1:17 CV 2405 (N.D. Ohio Mar. 29, 2018)(Gwin, J.); *Ramos v. Lorain County Children Services*, No. 1:17 CV 2589 (N.D. Ohio Apr. 9, 2018)(Nugent, J.); *Ramos v. Lorain County Children Services*, No. 1:18 CV 1018 (N.D.

1

Ohio Aug. 18, 2018)(Boyko, J.); *Ramos v. Lorain County Children Services*, No. 1:20 CV 1388 (N.D. Ohio Nov. 5, 2020)(Gwin, J.). Two of those cases were dismissed on the merits. The third case filed in 2018 was dismissed on the grounds of *res judicata*. In that case, Judge Christopher A. Boyko admonished Plaintiff he would no longer be permitted to file this case repetitively at tax payer expense. Judge Boyko cautioned that if he filed another lawsuit against the Lorain County Children Services or its employees pertaining to this incident, the Court may deny him permission to proceed *In Forma Pauperis*, and require payment of the entire filing fee. Undeterred, Plaintiff filed this fourth lawsuit against the Lorain County Children Services pertaining to this incident and asks this Court to waive the filing fee. Judge James S. Gwin, citing Judge Boyko's prior admonition, denied his Application to Proceed *In Forma Pauperis*. The case was dismissed because Plaintiff did not pay the filing fee. Plaintiff has now filed his fifth lawsuit against Lorain County Children Services pertaining to the 2017 removal of his children from his custody.

To date, the Court has been very tolerant of Plaintiff's *pro se* pleadings but it is now apparent that Plaintiff will continue to file this action repeatedly unless the Court places restrictions on the Plaintiff's ability to freely file and litigate in this Court. First, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is denied. Plaintiff is required to pay the full filing fee of $ 402.00 within thirty (30) days of the date of this Order.

Second, as stated in prior cases, this action is barred by the doctrine of *res judicata*. Plaintiff received a judgment on the merits of his claims in two prior actions. He cannot continue to relitigate the same matters in the hope of obtaining a different result with a different judge. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). Pursuant to *Apple*

*v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), District Courts are permitted to dismiss, *sua sponte*, a Complaint if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in this Complaint are frivolous and no longer open to discussion. They are dismissed with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Finally, Plaintiff is permanently enjoined from filing new actions in the Northern District of Ohio without first obtaining leave of Court to do so. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial resources needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).

Plaintiff established a pattern of filing Complaints in this Court which are patently frivolous and vexatious, and which appear calculated to harass the Defendants and abuse the judicial process. Accordingly, Plaintiff is permanently enjoined from filing any new lawsuits or other documents

3

without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

> 1. Plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every Defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any Motion for Leave to file if the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for Leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

> (1) Any document submitted by Plaintiff prior to him obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless

it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until leave is granted.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 26, 2022